September
term, 1790.

## CLARK

### vs.

Clark
vs.
Campbell.

## CAMPBELL.

This was an action removed into this Court by certiorari.

Campbell, the plaintiff below, brought an action before Mr. Justice Burt, against Clark, on a recognizance for the sum of ten pounds, conditioned to prosecute a certiorari, formerly taken out by Clark against Campbell, and not prosecuted. An exception was taken, in the Court below, that the cause exceeded the jurisdiction of a Justice of the Peace, which was over-ruled, and judgment rendered for £3 4s. 6d.

In this case the plaintiff (below), Campbell, de-

Declaration
in debt on a re-
cognizance in
the sum of £10
for a less sum,
viz., £3 4s. 6d.

clared in debt for £3 4s. 6d., setting forth the recognizance for £10, with the condition to prosecute to effect, and answer damages and costs, etc., and avered that his costs and damages amounted to £3 4s. 6d.

To this there was a demurrer and joinder in demurrer.

*West for Campbell.*
*Bradley for Clark.*

*The Chief Justice* delivered the unanimous opinion of the Court, in effect as follows :

Opinion of the
Court.

The decision in this case will virtually determine whether the Justice had jurisdiction in this cause. For

if the plaintiff below can support a declaration in debt, for a less sum than that which is contained in the recognizance, on an implied covenant in the condition of the recognizance, the action will come within the jurisdiction of a Justice, otherwise not.

It is said that the conusee is not obliged to go for the penalty, but may go upon a covenant implied in the ·condition ; and, that in debt, " *Id certum eft quod certum reddi potest*," that is certain, which is reducible to certainty. That the costs are legal costs, and are capable of ascertainment by a known standard, the fee bill. But this is not so. The defendant on the plaintiff's failing to prosecute, is entitled to be paid for his time spent, and money necessarily expended in preparing for his defence. The damages are wholly at large, and are to be ascertained by assessment, (if he goes for damages only) as in an action for an escape on mesne process. Debt may, indeed, be brought on an instrument which does not, in itself, ascertain the sum due ; but, in that case, there must be, in the instrument, a reference to some other instrument, where the sum is ascertained, to some known rule of computation, or to an assessment made by some third person or persons ; so, that when the instrument referred to is produced, the rule applied, or the assessment shewn, the quantum of the demand will appear the same to every one. We do not say no action can be brought for a sum less than the penalty ; but we are all clearly of opinion that a declaration in debt, on the condition, cannot be made good by any reference or averment in this case. Therefore let there be

Judgment for the defendant Clark.

Clark.
vs.
Campbell.

If the plaintiff goes for damages, they are, in this case, to be ascertained only by assessment.

Rule in debt, where the sum is uncertain.

Declaration in debt, on the condition cannot, in this case be made good by averment.